IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT H. HOLBER et al.,** | : | |
| *Plaintiffs*, | : | **CIVIL ACTION** |
| | : | **No. 18-910** |
| v. | : | |
| | : | **BANKRUPTCY ACTION** |
| **BARRY PORTNOY et al.,** | : | **No. 16-00248** |
| *Defendants*. | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                     MARCH 27, 2018

**BACKGROUND**

In 1996, debtor Barry Portnoy opened an insurance policy on his life and named his wife Danielle as its beneficiary. When the Portnoys separated in 2011, Ms. Portnoy became the owner of the policy. Mr. Portnoy filed for bankruptcy in 2014, and the bankruptcy trustee started this adversary proceeding against several members of the Portnoy family in 2016.

In December 2017, the trustee notified Ms. Portnoy that he would subpoena the insurer that had issued the life insurance policy. Less than a week later, Ms. Portnoy sent the insurer a surrender request, seeking to cancel the policy and recover its cash value.

In January 2018, the trustee instructed the insurer not to process Ms. Portnoy's surrender request, and the insurer obliged. The trustee then moved for an order enjoining Ms. Portnoy from using the insurance funds. After briefing and a hearing, the bankruptcy court granted the trustee's motion on February 15. The injunction order still allows Ms. Portnoy to access funds for living expenses, college tuition for her children, and litigation costs, all based on a showing of need. Ms. Portnoy filed a motion for leave to appeal to this Court.

#### ANALYSIS

The Court dismisses Ms. Portnoy's appeal for lack of jurisdiction. The two claimed sources of jurisdiction in this case are (1) mandatory jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court, 28 U.S.C. § 158(a)(1), and (2) discretionary jurisdiction over "other interlocutory orders and decrees," *id.* § 158(a)(3). Neither source provides the Court with jurisdiction here.

I.   *Mandatory Jurisdiction*

The bankruptcy court's order is not "final" within the meaning of § 158(a)(1). In general, courts "interpret finality pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims." *In re Truong*, 513 F.3d 91, 93–94 (3d Cir. 2008) (quoting *In re Natale*, 295 F.3d 375, 378 (3d Cir. 2002)). But in adversary proceedings such as this one, that "relaxed view of finality" gives way to the judicial system's usual "antipathy toward piecemeal appeals." *Id.* at 94 (quoting *Natale*, 295 F.3d at 378–79). "Orders that do not fully adjudicate a specific adversary proceeding . . . are governed by the ordinary finality precepts of routine civil litigation." *United States v. Nicolet, Inc.,* 857 F.2d 202, 206–07 (3d Cir. 1988). An order in an adversary proceeding is only final when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Truong*, 513 F.3d at 94 (quoting *Bethel v. McAllister Bros.*, *Inc.,* 81 F.3d 376, 381 (3d Cir. 1996)).

In this case, the bankruptcy court's preliminary injunction does not end the litigation on the merits. By its own terms, the order allows Ms. Portnoy to apply to the bankruptcy court for funds for college tuition, living expenses, and litigation costs upon a showing of "need." Such an issue could well be subject to dispute. Thus, the injunction order is not final.

Even if analyzed under the more "pragmatic" rubric of general bankruptcy appeals, this order is not final. Under that analysis, courts consider "the impact of the order on the assets of the estate, the preclusive effect of a decision on the merits, the need for additional fact-finding on remand, and whether the interests of judicial economy will be furthered." *In re Marvel Entertainment Grp., Inc.*, 209 B.R. 832, 836 (D. Del. 1997).

For at least three reasons, the Court concludes that the preliminary injunction order in this case is not final. First, balancing the fact-intensive preliminary injunction factors does not present a discrete legal issue. *Cf. id.* (holding that the question of whether the automatic bankruptcy stay blocked creditors from voting to replace a Chapter 11 debtor's board of directors was a "discrete legal issue" that "would involve no additional fact-finding on remand"). Second, reviewing this order would not save the bankruptcy court from having to hold any impending or future hearing. *Cf. id.* (holding that reviewing the scope of the automatic bankruptcy stay would "promote judicial economy" by saving the bankruptcy court from conducting "a fact-intensive hearing" on whether to lift the automatic stay). Indeed, it appears that Ms. Portnoy has not even yet attempted to show why some of the funds should be disbursed for college tuition. Third, the order's impact on the assets of the estate is relatively insignificant. *Cf. id.* (holding that an order blocking creditors from voting to replace the debtor's board of directors had a "significant impact on the assets of the estate" because the debtor's "financial well-being [was] dependent upon the composition of its board"). Even under a relaxed notion of finality, then, the order is not final.

## II. *Discretionary Jurisdiction*

As explained above, district courts have discretionary jurisdiction over appeals from "other interlocutory orders and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(3). To

decide whether to accept a discretionary bankruptcy appeal, a court applies the usual discretionary factors found in 28 U.S.C. § 1292(b). *See United States v. Dershaw* (*In re Rosen*), 560 B.R. 415, 421 (E.D. Pa. 2016); *see also Marvel*, 209 B.R. at 837. To qualify for a discretionary appeal, an order must involve a controlling question of law over which there exists substantial ground for difference of opinion, and immediate appeal must materially advance the litigation. *E.g.*, *Marvel*, 209 B.R. at 837; 28 U.S.C. § 1292(b);

Here, the putative appeal presents no controlling question of law. Ms. Portnoy finds fault with the bankruptcy court's weighing of the preliminary injunction factors. *See Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999) (setting out the factors). But balancing four fact-intensive factors does not present a controlling question of law — especially considering that the bankruptcy court's ruling was predicated on its finding that Ms. Portnoy did not testify credibly at the preliminary injunction hearing.

Nor will a discretionary appeal materially advance the termination of this litigation. Ms. Portnoy argues that an immediate appeal is justified because it will clarify which assets the trustee may pursue. Such a statement would be true of almost any bankruptcy appeal and does not satisfy Ms. Portnoy's burden here.

## CONCLUSION

For the foregoing reasons, Ms. Portnoy's motion for leave to appeal is denied and her appeal is dismissed. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE